**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 17 2004**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

RANDALL C. WYATT,

Petitioner - Appellant,

v.

L. E. BRUCE and ATTORNEY
GENERAL OF KANSAS,

Respondents - Appellees.

No. 04-3066

(D.C. No. 02-CV-3348-GTV)

(D. Kan.)

ORDER

Before **BRISCOE** , **McKAY** , and **HARTZ** , Circuit Judges.

Applicant Randall C. Wyatt, appearing pro se, was convicted of rape and

aggravated criminal sodomy in Kansas state court and is currently serving a

sentence of 154 months in a Kansas prison. The Kansas Court of Appeals

affirmed his convictions, and the state Supreme Court denied review. Applicant

next sought post-conviction relief in Kansas state court. The district court denied

relief and the Court of Appeals affirmed on the ground that he had not raised his

contentions on direct appeal. Applicant then filed an application under 28 U.S.C.

§ 2254 in the United States District Court for the District of Kansas. The district

court, concluding that the Respondents waived any procedural-default defense,

reviewed Applicant's claims on the merits and denied the application. Applicant now seeks a certificate of appealability (COA) so that he may appeal the district court's decision. *See* 28 U.S.C. § 2253(c)(2). We deny the request for a COA, and dismiss the appeal.

On May 14, 1997, the victim, KK, was suspended from work. She called Applicant, a friend of 12 years, to go out for a drink. They spent the evening together, during which he sexually assaulted her. Applicant was arrested, given *Miranda* warnings, and made a statement to the police indicating that he had made love to the victim but had not raped or sodomized her.

In his § 2254 application, Applicant argues that the state withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), when it denied his attorney's request to provide serological evidence for independent testing. He also claims that his Sixth Amendment right to effective assistance of counsel was violated in six respects: (1) his counsel improperly failed to have serological evidence independently tested; (2) his attorney improperly failed to have independent tests conducted on the knife he allegedly used during the assault; (3) his attorney failed to move for a mistrial on the grounds that a member of the jury knew one of the state's witnesses and that the victim tampered with a potential juror on the day of voir dire; (4) his counsel should have objected to the taking of blood and saliva samples without a warrant

or court order; (5) his attorney should have retained a medical doctor to review the examination of the victim by a nurse; and (6) his attorney improperly failed to object to the admission of the notes of a detective who did not testify at trial. Finally, Applicant argues that the admission of the detective's notes violated his right to confront witnesses.

The district court denied habeas relief. With regard to the *Brady* claim, the court noted that Applicant would have to show that the evidence allegedly suppressed was material, meaning that there is a reasonable probability that the result of the proceeding would have been different had the serological evidence been disclosed. The court concluded that this standard was not satisfied because "[Applicant's] defense at trial . . . did not focus on the identity of the rapist, but on the consensual nature of the sexual intercourse." Dist. Ct. Order at 7.

The court also concluded that the Applicant had failed to prove with respect to any of his six ineffective-assistance claims "that counsel's performance was so prejudicial to him that there [was] a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* at 8 (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)).

With respect to claim 1, the court ruled that Applicant's counsel was not ineffective for failing to obtain independent testing for serological evidence. Applicant asserts that had he known that the state's testing was inconclusive, he

may have pursued a defense denying that he had sexual intercourse with KK. But there was apparently no evidence presented at trial that the physical evidence matched his DNA. Moreover, from the time of his arrest, including at trial, Applicant admitted having had intercourse with KK. Thus, the court concluded that Applicant was not prejudiced by counsel's decision not to seek independent testing of the serological evidence.

On claim 2, the court concluded that Applicant's attorney did not provide ineffective assistance when he did not have independent tests conducted on fingerprints found on a knife admitted into evidence. Cross-examination of the fingerprint examiner established that the prints were of poor quality and did not match Applicant's fingerprints. The district court ruled that the decision to rely on cross-examination was not objectively unreasonable and counsel's performance was not deficient.

Applicant's claim 3 is that his counsel was ineffective for failing to move for a mistrial based on two separate concerns arising from a juror and a potential juror. First, Applicant claimed that "the jury was stacked" against him because a juror personally knew one of the prosecution witnesses. He asserted that this circumstance warranted a mistrial or the suppression of the witness's testimony, but that his counsel failed to object. The federal district court noted that one juror, Mr. Elrod, stated during voir dire that he remembered Twila Flowers, a

sexual-assault nurse examiner and potential witness, from a class he taught ten years earlier. The class did not involve anything related to the witness's training as a sexual-assault nurse. In addition, Mr. Elrod said that he could be as fair as anyone else with respect to Ms. Flower's testimony.

The second part of Applicant's claim 3 relates to his counsel's failure to move for a mistrial when it became apparent that a potential juror, Mr. Kraft, worked in the same building as KK and had engaged in a conversation with her the morning of voir dire. In federal district court he suggested that the conversation constituted tampering and prejudiced the jury against him. The district court denied relief, holding that Applicant's argument lacked merit because Mr. Kraft did not become a jury member. Applicant did not point to any evidence that Mr. Kraft influenced any other juror. On appeal he now argues that his counsel improperly failed to move for a mistrial when the trial court improperly removed Mr. Kraft for cause. It appears from the record on appeal that Applicant did not raise this argument to the district court. As a general rule we do not consider an issue not raised below. *In re Walker*, 959 F.2d 894, 896 (10th Cir. 1992). In any event, Applicant's argument is without merit, given that Mr. Kraft indicated during voir dire that he would be affected by his acquaintance with the victim and his desire not to make her uncomfortable.

As for claim 4, relating to counsel's failure to object to blood and saliva

samples taken from him without a warrant or court order, the court assumed that the objection related to the trial judge's post-conviction order directing Applicant to submit samples of blood and saliva to the Kansas Bureau of Investigation (KBI). Applicant contends, however, that his complaint concerns a pretrial order to submit blood and saliva samples for investigative purposes. Regardless, no such blood or saliva specimens led to adverse evidence at trial; their utility would have been limited to establishing identity, which was not at issue. Thus, there was no prejudice.

Applicant's claim 5 is that his attorney provided ineffective assistance in failing to retain a medical doctor to review the examination performed by the rape-kit nurse. The district court noted that counsel chose to attack the nurse's testimony through cross-examination rather than with a medical expert. The court concluded that "counsel's decision not to obtain an independent medical doctor was a reasonable decision regarding trial strategy." Dist. Ct. Order at 12. The court also held that Applicant had not established that he was prejudiced by the alleged deficient performance because he "fail[ed] to demonstrate how a medical doctor's testimony would have raised a reasonable probability that the outcome of the trial would have been different." *Id.* at 13.

Applicant's final ineffective-assistance claim and his confrontation claim relate to the admission of a detective's notes at trial. Applicant complains that his

counsel failed to make a hearsay objection when the notes were admitted into evidence. The notes describe the investigator's interview with the victim at a hospital. Defense counsel wanted to call the detective as a witness to impeach the victim's trial testimony. Because the detective was unavailable for trial, defense counsel and the state stipulated to the admission of the notes. When defense counsel stipulated, he indicated that the notes "would be sufficient for [his] purposes." *Id.* at 14. The district court held that counsel's stipulation to the admission of the notes amounted to a waiver of Applicant's confrontation rights. It further held that counsel's performance was not deficient because the decision to stipulate to the admission of the detective's notes as an alternative to a continuance was a matter of trial strategy. In addition, the court held that Applicant was not prejudiced by the alleged error because it was "not reasonably probable that the substance of [the detective's] live testimony could have changed the outcome of [Applicant's] trial." *Id.* at 15-16.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*,

529 U.S. 473, 484 (2000).  We review the district court's conclusions of law de novo and its findings of fact for clear error.  *Id.*; *cf. LaFevers v. Gibson*, 182 F.3d 705 (10th Cir. 1999).

We recognize that in determining whether to issue a COA, a "full consideration of the factual or legal bases adduced in support of the claims" is not required, and indeed, is not permitted under 28 U.S.C. § 2253.  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  Instead, the decision must be based on "an overview of the claims in the habeas petition and a general assessment of their merits."  *Id.*

We conclude that jurists of reason would not debate whether the district court properly denied the application.  For substantially the same reasons set forth in the district court's January 29, 2004, Memorandum and Order, we DENY the COA and DISMISS the appeal.  We also DENY Applicant's motion to proceed in forma pauperis.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge